Michael V. Sclafani, Esq. (MS 9120)
A Member of the Firm of
REARDON & SCLAFANI, P.C.
Attorneys for Defendant, PV Holding Corp.
220 White Plains Road, Suite 235
Tarrytown, New York 10591
(914) 366-0201

CIVIL ACTION
CASE NO.

FILED
APR 1 3 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
YOLANDA BEJASA-OMEGA,

                Plaintiff,

- against -

PV HOLDING CORP. and RONALD M. SKLON,

                Defendants.
------------------------------------x

07 CIV. 2950
NOTICE OF REMOVAL

NEW YORK COUNTY
INDEX NO. 102472/07

JUDGE KRAM

S I R S :

    PLEASE TAKE NOTICE, that the undersigned hereby removes this action to the United States District Court, Southern District of New York, United States Courthouse, 500 Pearl Street, New York, New York, pursuant to Local Civil Rule 81.1 and 28 U.S.C. §§1331, 1332, 1441(a) and 1446(b), from the Supreme Court of the State of New York for New York County, on the ground that this Court has original jurisdiction of the matter based upon Subchapter I of Chapter 301 of Title 49, United States Code §30106 and the complete preemption doctrine and on the diversity of citizenship of the parties, in that the plaintiff, Yolanda Bejasa-Omega, is a citizen of the State of New York and reside at 60-32 Booth Street, Elmhurst, New York 11373; the defendant, PV Holding Corp is a

2

citizen of the State of Delaware and maintains its principal office at 300 Centre Point Drive, Virginia Beach, Virginia; and the defendant Ronald M. Sklon is alleged to be a citizen of the State of Florida residing at 1900 Carlye Lane, The Villages, Florida; and it is alleged that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

The cause of action arises out of an alleged motor vehicle accident occurring on or about October 27, 2006, in the County, City and State of New York. Copies of the plaintiff's summons and verified complaint dated February 14, 2007 are annexed.

On or about February 21, 2007, the plaintiffs' summons and verified complaint were filed in the Supreme Court of the State of New York, County of New York. The defendant, PV Holding Corp., received the summons and amended complaint on or about March 13, 2007. This notice is timely pursuant to 28 U.S.C. §1446(b). All defendants join in this notice.

Dated: Tarrytown, New York
April 10, 2007

>Yours, etc.
>
>REARDON & SCLAFANI, P.C.
>Attorneys for Defendant PV Holding
>OFFICE & P.O. ADDRESS
>220 White Plains Road, Suite 235
>Tarrytown, New York 10591
>(914) 366-0201
>
>By: _____
>MICHAEL V. SCLAFANI (MS 9120)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

YOLANDA BEJASA-OMEGA,

Plaintiffs,

-against-

PV HOLDING CORP. and RONALD M. SKLON

Defendants.

---

Plaintiff Demands Trial By Jury

Plaintiff designates NEW YORK County as the place of trial

Index No. 102472/2007

The basis of the venue is Place of occurrence.

**SUMMONS**

Plaintiff resides at 60-32 Booth Street, Elmhurst, NY 11373

TO THE ABOVE NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
February 14, 2007

FILED IN COURT
DATE 02/21/07

MATTHEW SAKKAS, ESQ
SAKKAS & CAHN, LLP
Attorney for Plaintiff
150 Broadway Suite 1307
New York, N.Y. 10038

Defendants Addresses:
PV HOLDING CORP.
c/o Secretary of State

RONALD M. SKLON
c/o Secretary of State via VTL § 253
1900 Carlye Lane
The Villages, FL 32162

FILED FEB 21 2007

RECEIVED
MAR 13 2007
LIABILITY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
YOLANDA BEJASA-OMEGA,

                Plaintiff,

- against -

PV HOLDING CORP. and RONALD M. SKLON,

                Defendants.
-----------------------------------------------------------------X

Index No: 102472/07

Plaintiffs Demand
Trial By Jury

**VERIFIED COMPLAINT**

    Plaintiff, by her attorneys SAKKAS & CAHN, LLP, complaining of defendants, respectfully alleges upon information and belief as follows:

    1.    That at all times herein mentioned, Defendant PV HOLDING CORP. (hereinafter "PV") was and still is a foreign business corporation, authorized to and doing business in the State of New York.

    2.    That at all times herein mentioned, Defendant PV was the owner of a vehicle bearing Connecticut State Registration Number 986-UNJ for the year 2006.

    3.    That at all times hereinafter Defendant RONALD M. SKLON (hereinafter "SKLON") was the operator of the aforesaid vehicle.

    4.    That at all times herein mentioned, Defendant SKLON was in physical control of the aforesaid vehicle with the knowledge, consent and permission, expressed or implied of the Defendant PV.

    5.    At all times herein mentioned, East 44th Street at or near its intersection with Second Avenue, in the County City and State of New York, was and still is a public thoroughfare in the County of New York, City and State of New York.

    6.    At all times herein mentioned, Plaintiff YOLANDA BEJASA-OMEGA was a lawful pedestrian at the aforesaid location.

    7.    That on the 27th day of October, 2006, at the aforementioned location, Plaintiff YOLANDA BEJASA-OMEGA was struck by the aforesaid vehicle.

RECEIVED
MAR 1 3 2007
LIABILITY

8. The aforesaid occurrence and resultant injuries to Plaintiff YOLANDA BEJASA-OMEGA were due solely and wholly to the carelessness, recklessness and negligence of Defendants in the ownership, operation, management, maintenance and control of the aforesaid vehicle in that the Defendants caused, permitted and allowed Plaintiff to be struck by their vehicle; in failing to keep the aforesaid vehicle under proper control; in striking Plaintiff, a pedestrian; in failing to avoid striking Plaintiff; in operating the aforesaid vehicle at a dangerous, excessive and unlawful rate of speed; in failing to keep a proper lookout; in failing to yield the right of way to Plaintiff; in failing to apply the brakes in a proper and timely fashion; in failing to equip said vehicle with proper and necessary operating equipment; in failing to properly utilize the operating equipment of said vehicle; in failing to make the due, timely and necessary inspections of said vehicle to insure that same is in proper operating conditions; in failing to make the due, timely and necessary repairs to said vehicle; in failing to keep said vehicle in a proper lane of traffic; in failing to allow a sufficient distance between said vehicle and Plaintiff, in failing to keep a lookout for pedestrians; in failing to use proper and good judgment so as not to come in contact with Plaintiff; in failing to slow and/or stop said vehicle in a proper and timely manner in order to avoid this occurrence; in failing to heed and obey the rules and regulations governing the operation of motor vehicles in the State of New York; in failing to obey and/or observe the traffic signals, signs and regulations at and governing the aforesaid location; that defendant's actions were gross, wanton, reckless and willful; in failing to give Plaintiff an opportunity to reach a place of safety; in failing to give Plaintiff an opportunity to avoid this occurrence; in failing to give any warning to Plaintiff prior to said occurrence; in failing to avoid this occurrence; in violating the applicable laws, rules, statutes, regulations and ordinances in such cases made and provided; Defendants were otherwise negligent, careless and reckless in the premises without any fault or lack of care on the part of Plaintiff contributing thereto. Plaintiff relies upon the doctrine of Res Ipsa Loquitur.

9. That as a result of the aforesaid occurrence, Plaintiff YOLANDA BEJASA-OMEGA sustained severe and permanent personal injuries to his head, limbs, body and nervous

Case 1:07-cv-02950-LLS   Document 1   Filed 04/13/2007   Page 6 of 7

system and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; she has been unable to pursue his usual vocational and recreational activities for some time; she has been confined to bed and home for some time; she has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate her injuries and she has been compelled to suffer physical pain, mental anguish and emotional distress and will sustain a loss of the enjoyment, pleasures and pursuits of life.

10. That plaintiff YOLANDA BEJASA-OMEGA sustained a serious injury as defined in subsection (d) of Section 5102 of the Insurance Law of the State of New York and/or has sustained economic loss in excess of basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law of the State of New York.

11. That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

12. By reason of the foregoing, the plaintiff has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgement against the defendants in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

MATTHEW SAKKAS, ESQ
SAKKAS & CAHN, LLP
Attorney for Plaintiff
150 Broadway Suite 1307
New York, N.Y. 10038
(212) 693-1313

## ATTORNEY VERIFICATION

MATTHEW SAKKAS, ESQ., hereby affirms under the penalties of perjury, as follows:

I am the attorney for the plaintiff in the within action. I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof and the same is true to my own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters, I believe it to be true. The reason this verification is made by your affirmant and not by said plaintiff is that the plaintiff does not reside in the County in which your affirmant's office is located.

The source of my information and the grounds for my belief as to all matters made on behalf of the plaintiff are information are contained in your affirmant's file.

Dated: New York, New York
      February 14, 2007

---
MATTHEW SAKKAS, ESQ
SAKKAS & CAHN, LLP
Attorney for Plaintiff
150 Broadway Suite 1307
New York, N.Y. 10038