Michael V. Sclafani, Esq. (MS 9120)
A Member of the Firm of
REARDON & SCLAFANI, P.C.
Attorneys for Defendant, PV Holding Corp.
220 White Plains Road, Suite 235
Tarrytown, New York 10591
(914) 366-0201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
YOLANDA BEJASA-OMEGA,

                        Plaintiff,          ANSWER

    - against -                     07 CIV. 2950 (SWK)

PV HOLDING CORP. and RONALD M. SKLON,

                        Defendants.
------------------------------------------x

S I R S :

    Defendant, PV Holding Corp., by its attorneys, Reardon & Sclafani, P.C., as and for its answer to plaintiff(s) complaint, alleges upon the information and belief as follows:

    FIRST: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph(s) numbered "2", "3", "4", "5", "6" and "7".

    SECOND: Denies each and every allegation contained in paragraph(s) numbered "8", "9", "10" and "12".

    THIRD: Denies each and every allegation contained in paragraph(s) numbered "11", excepts refers all questions of law to the Honorable Trial Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FOURTH: That plaintiff(s) action as against defendant PV Holding Corp. is pre-empted and barred pursuant to subchapter I of Chapter 301 of Title 49, United States Code §30106.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

FIFTH: The plaintiff(s) complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SIXTH: That if the plaintiff(s) sustained any injury or damages, said injuries or damages were caused or contributed to by the negligence, culpable conduct, assumption of risk or fault of the plaintiff(s) and were not caused or contributed to by the negligence, fault or want of care on the part of the answering defendant(s) or were caused by persons or parties for whose acts or omissions or the result of an emergency for which this answering defendant(s) is not responsible or liable.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

SEVENTH: That this action is barred as to plaintiff(s) by Article 51, Section 5102(d) of the Insurance Law of the State of New York.

3

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

EIGHTH: Plaintiff(s) recovery, if any, is subject to and limited by CPLR 4545.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST DEFENDANT RONALD M. SKLON

NINTH: That if the plaintiff(s) were caused to sustain injuries and damages at the time and place set forth in the plaintiff(s) complaint, said damages were sustained by reason of the active and primary carelessness and negligence of the defendant, Ronald M. Sklon, and if the defendant, PV Holding Corp., is found to be negligent, such negligence was passive and derivative.

TENTH: That by reason of the foregoing, the defendant, PV Holding Corp., seeks herein indemnification and judgment over for the damages which may be found against it based upon the sole, active and primary negligence, carelessness and recklessness of the defendant, Ronald M. Sklon, which caused in whole the events alleged in plaintiff(s) complaint.

## AS AND FOR A SECOND CROSS-CLAIM
## AGAINST DEFENDANT RONALD M. SKLON

ELEVENTH: That if the plaintiff(s) herein were injured and/or damaged at the time and place set forth in the complaint herein, in the manner alleged therein, and if it be further determined after trial that the said injuries and/or damages were due to the

4

negligence of the defendant(s), it is demanded that the relative responsibility of the answering defendant(s) be determined on the facts, so that liability, therefore, may be apportioned between the said parties.

TWELFTH: That by reason of the foregoing, the defendant, PV Holding Corp., seeks herein contribution and apportionment of the damages which may be found against it based upon the proportion of fault, negligence and want of care on the part of defendant, Ronald M. Sklon, which contributed to the events alleged in the plaintiff(s) complaint.

WHEREFORE, defendant, PV Holding Corp., demands judgment dismissing the complaint of the plaintiff herein, together with the costs, disbursements and attorneys' fees of this action; and further demand judgment on its cross-claims over and against defendant, Ronald M. Sklon, together with costs and disbursements and attorneys' fees of this action; and/or that the respective liabilities of the said parties as and between themselves be apportioned.

Dated: Tarrytown, New York
       April 10, 2007

Yours, etc.

REARDON & SCLAFANI, P.C.
Attorneys for Defendant PV Holding
OFFICE & P.O. ADDRESS
220 White Plains Road, Suite 235
Tarrytown, New York 10591
(914) 366-0201

By: _____
    MICHAEL V. SCLAFANI (MS 9120)

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on April 13, 2007, he caused to be served a true and correct copy of the within ANSWER by depositing the same in the United States mail, first class, postage pre-paid, addressed to:

TO:   Sakkas & Cahn, LLP
Attorneys for Plaintiff
150 Broadway, Suite 1307
New York, New York 10038

Montfort Healy McGuire & Salley, Esqs.
Attorneys for Defendant Sklon
1140 Franklin Avenue
Box 7677
Garden City, New York 11530

_____
MICHAEL V. SCLAFANI (MS 9120)