UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOLANDA BEJASA-OMEGA,                    Docket No.:   07 Civ. 2950 (SWK)
                                         Justice:   Hon. Shirley Wohl Kram
                        Plaintiff,

-v.-
                                         **JOINT PROPOSED SCHEDULING**
PV HOLDING CORP. and RONALD M. SKLON,    **ORDER**

                        Defendants.
------------------------------------------------------------X

Pursuant to the *Order for Conference Pursuant to Rule 16(b)* of the Hon. Louis L. Stanton, dated May 2, 2007, the parties submit the following as their *Joint Proposed Scheduling Order*.

(1) The date of the conference and the appearances for the parties:

Friday, July 13, 2007 at 2:30 PM.

Sakkas & Cahn, LLP
Attorneys for the Plaintiff
150 Broadway, Suite 1307
New York, NY 10038

Reardon & Sclafani, P.C.
Attorneys for Defendant PV Holding Corp.
Attn.:  Michael Sclafani
220 White Plains Road, Suite 235
Tarrytown, NY 10591

Montfort, Healy, McGuire & Salley
Attorneys for Defendant Ronald M. Sklon
Attn.:  Hugh Larkin
1140 Franklin Avenue
P.O. Box 7677
Garden City, NY 11530-7677

(2) A concise statement of the issues as they then appear.

- Whether the defendant Ronald Sklon was negligent.

- Whether the plaintiff was comparatively negligent.

- Whether 49 USC §30106, also called "the Graves Amendment", bars the plaintiff's claim against defendant PV Holding Corp.
- Whether the plaintiff sustained a "serious" injury within the meaning of New York's no-fault law.
- The extent of the plaintiff's damages.

(3) A schedule including:

    (a) the names of persons to be deposed and a schedule of planned depositions;

Plaintiff - on or before July 31, 2007

Defendant Sklon - on or before August 31, 2007

    (b) a schedule for the production of documents;

Plaintiff - medical documentation, accident report and authorizations for medical documentation - already provided.

Defendant Sklon - any accident report prepared by or on behalf of defendant and insurance limits - on or before July 31, 2007.

    (c) dates by which (i) each expert's reports' will be supplied to the adversary side, and (ii) each expert's deposition will be completed;

Parties expert(s) report's exchange on or before September 28, 2007. Depositions of various experts to be concluded on or before October 31, 2007.

    (d) time when discovery is to be completed;

Discovery to be completed by October 31, 2007.

    (e) the date by which plaintiff will supply his pre-trial order materials to defendant;

Plaintiff to supply PTO materials on or before November 9, 2007.

(f) the date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial; and

Parties to provide same by November 31, 2007.

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16 (d), to be filled in by the Court at the conference.

---

(4) A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

None contemplated by the parties.

(5) A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

None have arisen.

(6) Anticipated fields of expert testimony, if any.

Orthopedics and/or neurology.

(7) Anticipated length of trial and whether to court or jury.

4 days and a jury trial is requested.

(8) A statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

So stated.

(9) Names, address, phone numbers and signatures of counsel.

See below.

(10) Provision for approval of the court and signature line for the court.

See below.

If the action is for personal injuries, plaintiff is directed to make a monetary settlement demand and defendant is directed to respond to such demand prior to the conference.

This has been done.

Dated: New York, New York
May 24, 2007

SAKKAS & CAHN, LLP

By: _____
MATTHEW SAKKAS, ESQ.
Attorney for Plaintiff
150 Broadway, Suite 1307
New York, N.Y. 10038
Tel:   (212)693-1313
Fax:   (212)693-1314


REARDON & SCLAFANI, P.C.

By: _____
MICHAEL SCLAFANI, ESQ. (MWS 9120)
Attorneys for Defendant PV Holding Corp.
220 White Plains Road, Suite 235
Tarrytown, NY 10591
Tel:   (914) 366-0201

MONTFORT, HEALY, MCGUIRE & SALLEY

By: _____
HUGH LARKIN, ESQ. 6752
Attorneys for Defendant Ronald M. Sklon
1140 Franklin Avenue
P.O. Box 7677
Garden City, NY 11530-7677
Tel:   (516) 747-4082

S O   O R D E R E D :

_____
Hon. Shirley Wohl Kram