HJL/hm                           13-19684                      1/2/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YOLANDA BEJASA-OMEGA,                    **AFFIRMATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY**

                    Plaintiff,

     -against-                            Docket No.: 07 Civ. 2950 (LLS)

PV HOLDING CORP. and RONALD M. SKLON,     Justice: Hon. Louis L. Stanton

                                          Returnable: **1/11/08**
                    Defendants.
------------------------------------------------------------X

HUGH LARKIN, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, does hereby affirm the following under penalties of perjury:

1. I am associated with the law firm of MONTFORT, HEALY, MCGUIRE & SALLEY, attorneys for defendant, RONALD M. SKLON in the above referenced matter. As such I am fully familiar with the matters of this action based upon my personal participation in the proceedings heretofore had herein, as well of my review of the file maintained by this office.

2. This affirmation is submitted in opposition to plaintiff's motion for summary judgment on the issue of liability. The defendant, RONALD M. SKLON, does not oppose the augmentation of the caption to remove PV HOLDING CORP. as a named defendant.

3. The following exhibits are annexed hereto in support of the opposition to the plaintiff's motion:

    A) Deposition Transcript of plaintiff, Yolanda Bejasa-Omega.
    B) Deposition Transcript of defendant, Ronald Sklon.

4. In this action there is a question of fact as to whether the plaintiff fulfilled her duties under the common law and the Rules and Regulations of the City of New York Title 34, §4-03 (a)(1)(I) and §4-04(b)(2)(b).

5. According to the plaintiff the accident took place in the roadway while beginning to cross 2nd Avenue at the corner of 44th Street (See plaintiff's deposition transcript **Exhibit "A"**, p. 8). Plaintiff testified that she stopped at the corner for "probably a second" (**Exhibit "A"** p. 8). Plaintiff did not look to her left for oncoming traffic from the time she got to the corner to the time of the impact (**Exhibit "A"** p. 68). She also cannot remember anything obstructing her view of the intersection (**Exhibit "A"** p. 69). As she stepped into the intersection and began crossing, plaintiff was only looking straight ahead (**Exhibit "A"** pp. 12, 68-69). She never saw the defendant's vehicle prior to contact (**Exhibit "A"** p. 11).

6. According to the defendant, RONALD SKLON, he was the operator of the rented vehicle and waiting at the traffic light on 44th Street. The vehicle was facing eastbound in the right lane at the corner of 2nd Avenue (EBT OF RONALD SKLON, **Exhibit "B"**, pp. 12-13). His intention was to make a right turn from the right lane when the light turned green (**Exhibit "B"** pp. 14-15). While the light was still red for his direction, Mr. Sklon noticed the plaintiff standing on the sidewalk (**Exhibit "B"** p. 16).

After the light turned green (**Exhibit "B"** p. 15) and with the plaintiff under continued observation, Mr. Sklon began commencing his turn while the plaintiff was still standing on the curb (**Exhibit "B"** p. 16). As he completed two-thirds of his turn, and at an angle of about 60°, the plaintiff stepped in front of his vehicle (**Exhibit "B"** pp. 17;

20-21; 31). Mr. Sklon immediately turned his wheel while stepping on the brake (**Exhibit "B"** p. 21) but contacted the plaintiff with the right front portion of the bumper (**Exhibit "B"** p. 18).

7. The plaintiff confirms by her testimony that she began crossing the street without ever establishing whether she had the right of way, or whether the way was clear. Mr. Sklon's testimony has him completing over half of his turn around the corner when the plaintiff left the curb, a place of safety, and stepped in front of his vehicle at close proximity.

8. The Rules and Regulations of the City of New York prohibit a pedestrian from suddenly leaving a curb and walking in front of a car when the car cannot yield. See Title 34, §4-04(b)(2)(b). Furthermore, the Rules specify that when a pedestrian is lawfully within a crosswalk at the time a green traffic signal is exhibited, the vehicle must yield to the pedestrian, see Title 34 §4-03(a)(1)(I).

The misnomer that is commonly held is that pedestrians automatically receive the right of way. It is respectfully submitted that this is incorrect. When vehicles and pedestrians both have the green signal, a vehicle will have the right of way over a pedestrian when the pedestrian is located at a place of safety, such as a sidewalk, and the vehicle is already in or at the crosswalk. See §4-04, as well as *Brito v. Manhattan and Bronx Surface Transit Operating Authority*, 188 A.D.2d 253, 590 N.Y.S.2d 450 (1st Dept. 1992), appeal dismissed *81 N.Y.2d 993, 599 N.Y.S.2d 798, 616 N.E.2d 153*. Additionally, Vehicle and Traffic Law 1160(a) requires a right hand turn to be made as close as practicable to the curb.

9. In this matter plaintiff has testified that she stopped at the corner and began crossing without ever looking for oncoming or turning traffic. She further testified that

she never saw the defendant's vehicle.

Conversely, Mr. Sklon testified that he saw the plaintiff leave the curb and step right in front of his vehicle while he was two-thirds of the way into the right lane on 2nd Avenue.

The positioning of the plaintiff and defendant where both parties had rights to proceed is an issue of material fact. A motion for summary judgment can be granted only if the court determines that no genuine issue of material fact exists, *Shannon v. Lake Grove Centers, Inc.*, 118 F. Supp.2d, 343 (E.D.N.Y. 2000). As a result, a denial of summary judgment on the issue of liability is proper and sustainable on the particular facts of this case.

10. The plaintiff further argues that the proximity of the turning vehicle to the curb relieves his client of responsibility, however, the movement of Mr. Sklon's vehicle is in no way a violation of Vehicle and Traffic Law §1160(a) which requires the right hand turn at a intersection to be made as close as possible to the curb line. Furthermore, the marking by Mr. Sklon of an exhibit denoted as plaintiff's number "3" during his deposition was an estimate of where the impact occurred, not a resolved fact (**Exhibit "B"** p. 29).

As a result of the foregoing, if Mr. Sklon was making a right hand turn pursuant to the law he would be turning into the right lane on 2nd Avenue as close to the curb as practicable. A person then stepping two steps off the curb would put themselves into the path of the car within a short time. This is not a question of "dart out", but of a very confined area where a pedestrian has kept themselves at a place of safety, not within the intersection. The plaintiff having maintained that position, leaves the defendant relying upon the plaintiff's behavior to his detriment. It is admitted by the plaintiff in her papers

that walking out into the intersection is a violation of New York City Traffic Rule Title 34 §4-04, which specifically refers to a pedestrian "walking" into the path of a vehicle from a "curb".

11. It has been "repeatedly held that one who crosses a city street without any exercise of the faculty of sight is negligent as a matter of law." *Knapp v. Barrett*, 216 N.Y.226, 110 N.E. 428 (1915).

The plaintiff here had a duty to use her eyes and protect herself from danger. As stated by Judge Cardozo, a plaintiff was not "at liberty to close her eyes in crossing a street." *Knapp v. Barrett*, 216 N.Y. 226 (1915). While a pedestrian who does look, but miscalculates the danger, may still be free from fault, it is "a very different thing to say that a pedestrian is not bound to look at all..." *Knapp v. Barrett*, 216 N.Y. 226 (1915). The plaintiff must prove that even if she had looked, the accident would still have happened. *Knapp v. Barrett*, 216 N.Y.226 (1915). *Pecora v. Marique*, 273 A.D. 705, 79 N.Y.S.2d 350 (1st Dept. 1946).

Even if the pedestrian has the right of way, she still has a duty, under all the circumstances, to be careful and to heed the dangers that confront her. Having a right of way does not give rise to a concomitant "right to self-inflicted mayhem for which the defendant can be held liable". *Counihan v. Werbelovsky's Sons*, 5 A.D.2d 80, 168 N.Y.S.2d, 829 (1st Dept. 1957).

12. The plaintiff's Affirmation in Support also goes into a discussion of various cases to support their position and notes that a case named *Thoma v. Ronai*, 189 A.D.2d 635, 592 N.Y.S.2d 333 (1st Dept. 1993) is a stand alone case not to be followed. In fact, the *Thoma* decision reflects on *Knapp, Pecora* and *Counihan, supra*. It should be noted that based upon the facts of the *Thoma* case, the Court of Appeals affirmed

the Appellate Division in finding a question of fact as to the culpable conduct of the plaintiff in not ascertaining a safe right of way prior to crossing a street. In affirming, the Court of Appeals stated that "plaintiff's concession that she did not observe the vehicle that struck her raises a factual question of her reasonable care". See *Thoma v. Ronai, 82 N.Y.2d 736, 621 N.E.2d 690, 602 N.Y.S.2d 323 (1993)*. The Court of Appeals having reviewed the issue left the *Thoma* decision to be followed in *Parnes v. Mitzy Transportation, 44 .A.D.3d 918, 843 N.Y.S.2d 518 (2nd Dept. 2007)*, as well as in the First Department in *Zhang v. Yellow Transit Corp., 5 A.D.3d 337, 774 N.Y.S.2d 502 (1st Dept. 2004)*, also considering the precedents set in *Knapp, Pecora and Counihan, supra*, where the finding for the plaintiff was based upon evidence indicating that the plaintiff had already crossed most of the roadway when he was struck and there was absolutely no evidence offered by the defendant in opposition.

The decision in *Thoma* can therefore be reconciled with the facts of this case, as well as the holding in *Brito, supra* (construing New York City Traffic Regulations) where the plaintiff suddenly stepped off a curb into the way of a turning vehicle with a green light that had already completed more than half its turn.

13. In the very recent case of *Domanova v. State of New York, 41 A.D.3d 633, 838 N.Y.S.2d 644 (2nd Dept. 2007)*, the plaintiff was walking in a crosswalk at an intersection in the borough of Brooklyn while pushing her friend's granddaughter in a stroller. During the course of a non-jury trial, the plaintiff claimed she was actually in the middle of the crosswalk when she saw the defendant's vehicle approaching from the left. She was stuck on the left side of her body as she pushed the stroller to the right.

The operator of the defendant's vehicle testified that he never saw anyone in the

crosswalk. He only felt something as he made the turn.

The Second Department reversed a judgment in favor of the defendant and ordered a new trial on the issue of liability. At the same time, however, it rejected the plaintiff's claim that the defendant was solely at fault for the accident:

> ...[the] record does not support the claimant's contention that she was entitled, after trial, to judgment in her favor and against the defendant on the issue of liability, holding the defendant 100% at fault in the happening of the accident, as the record reflects that she was partially at fault in causing the accident (see *Larsen v. Spano, supra; Batal v. Associated Univs.,* 293 A.D.2d 558, 560 [2002]). Thus, upon remittal, the Court of Claims must apportion liability between the claimant and the defendant (see *635 CPLR 1411).

*Domanova v. State,* 41 A.D.3d 633, 634-635 (2nd Dept. 2007).

Similarly, in *Larsen v. Spano,* 35 A.D.3d 820, 827 N.Y.S.2d 276 (2nd Dept. 2006), the defendant operator came to a full stop at a yield sign. The plaintiff, who was attempting to cross the street, took one or two steps into the roadway. The defendant's vehicle then accelerated from the stopped position and struck her. After first observing that the "respective negligence of the parties is a factual question for the jury," the Court held:

> Contrary to the plaintiff's contention, she is not entitled to judgment as a matter of law in her favor as there is an issue of fact as to whether the plaintiff was also at fault in causing the accident (see *Batal v. Associated Univs.,* 293 A.D.2d 558, 560 [2002]).

*Larsen v. Spano,* 35 A.D.3d 820, 822 (2nd Dept. 2006).

Notably, the plaintiff in *Larsen* had initially moved for summary judgment, and the denial of that motion was affirmed (see *Larsen v. Spano,* 9 A.D.3d 351 [2nd Dept. 2004]; see also *Bodner v. Greenwald,* 296 A.D.2d 564, 745 N.Y.S.2d 711 [2nd Dept. 2002]).

14. Plaintiff's citation to the case *Kirchgaessner v. Hernandez,* 40 A.D.437, 836 N.Y.S.2d 170 (1st Dept. 2007) can only be considered if it is uncontroverted that the

plaintiff was already in the crosswalk when the vehicle began its turn and approached the crosswalk. The issue of when the plaintiff initially stepped off the curb into the crosswalk is not discussed as it is in the *Brito* decision, *supra*.

15. Plaintiff further contends that Mr. Sklon has made certain admissions based on a report written by a police officer, not Mr. Sklon himself, and then has attempted to raise feigned issues during his examination under oath at which time plaintiff's counsel had every opportunity to cross examine his testimony. The case of *Abramov v. Miral Corp.*, 24 A.D.3d 397, 805 N.Y.S.2d 119 (2nd Dept. 2005), cited by plaintiff to support their argument, is in part based on a plaintiff who had testified that he had looked for oncoming traffic before he began to cross.

In the instant matter, Mr. Sklon received a copy of the police report "much later" after the accident (**Exhibit "B"** p. 25). When questioned by plaintiff's counsel a portion of the report drafted by a police officer who did not witness the accident was read as part of the question (**Exhibit "B"** p. 26). There is nothing in the preamble read by plaintiff's counsel in that question that is at odds with any story given by either the plaintiff or the defendant, RONALD SKLON. Plaintiff's counsel then questioned the defendant in the present tense, asking him if he has any objection to the "narrative portion of the police report" (**Exhibit "B"** p. 27). Mr. Sklon replied that the only thing missing was that when he "started turning, she was on the sidewalk and then she walked out in front of [me]" (**Exhibit "B"** p. 27).

In order to be interpreted as a feigned attempt to create a factual issue, the statements in an affidavit must be in conflict. See *Appell v. State Farm Insurance Co.*, 292 A.D.2d 407, 739 N.Y.S.2d 182 (2nd Dept. 2002), see also *Ramos v. Rojas*, 37 A.D.3d 291, 830 N.Y.S.2d 109 (1st Dept.2007) and *Fernandez v. Laret*, 43 A.D.3d 347,

841 N.Y.S. 2d 78 (1st Dept. 2007), where the court found not only internal contradictions to deposition testimony, but evidence of coaching the witness in answering the questions. There is no such conflict between the testimony of either party and the description given by the police in the police report. Thus, the issue of creating a "feigned issue" of fact is a nonstarter.

16. A number of other cases cited by the plaintiff for the premise that summary judgement should be granted for the plaintiff ignores the application of the Traffic Rules and Regulations of the City of New York as they are applied to the facts of the instant matter. The key analysis is the color of the light for both parties and their positioning throughout the sequence of events leading up to the contact.

*Beamud v. Gray*, ___A.D.3d___ 844 N.Y.S.2d 269 (1st Dept. 2007) was a granting of summary judgment where there was a lack of evidence for the defendant apart from unsupported speculation.

*Razzaque v. Krakow Taxi, Inc.*, 238 A.D.2d 161, 656 N.Y.S.2d 208 (1ST Dept. 1997) dealt with un-refuted evidence of a plaintiff already in a crosswalk with a green signal before the approach of the defendant vehicle. The court distinctly noted that there was no evidence upon which a jury could make a valid inference to conclude a lack of negligence.

*Zabursky v. Cochran*, 234 A.D.2d 542, 651 N.Y.S.2d 190 (2nd Dept. 1996) made no reference to the particulars of the defendant's case, but noted that the defendant's affirmation failed to present evidence to raise an issue of fact. That is not the case herein, wherein deposition testimony of both parties raises the question of fact.

*Jermin v. APA Truck Leasing Company*, 237 A.D.2d 255, 655 N.Y.S.2d 406 (2nd Dept. 1997) was based on part on defendant's admission that he could not see the red

light in time to stop.

*Hoey v. City of New York*, 28 A.D.3d 717, 813 N.Y.S.2d 533 (2nd Dept. 2006), defendants admitted that the plaintiff was already in the crosswalk with a signal and the Court noted that the plaintiff, as well as the non-party witness, gave testimony that the plaintiff was looking for oncoming traffic.

*Milen v. Rose*, 11 Misc.3d 1066(A), 816 N.Y.S.2d 697 (Sup. Ct. Kings Cty. 2006) wherein the defendant did not stop at a stop sign before hitting the plaintiff within a crosswalk. Again, that is not the fact pattern in this case, where the defendant did have a green light to initiate a right hand turn and the plaintiff contends that she had a green walk signal, leaving in question of analyzing the rights as between the parties for a jury's analysis.

17. As this Court understands "summary judgment is a drastic remedy that is not customarily afforded on issues of negligence" with "all doubts as to the existence of a genuine issue for trial to be resolved in favor of the party opposing the motion". *Kern v. Frye Copysystems, Inc.*, 878 F. Supp. 660 (S.D.N.Y. 1995). See also *Brown v. United States*, Slip copy, 2007 WL 3124615 (E.D.N.Y.).

In this action the operative case law and statutes offers an analysis for a jury to apply to the testimony of the parties such that a jury could realistically return a verdict in favor of the defendant. Plaintiff did testify that she left a place of safety and walked out into the street without ascertaining the traffic situation. RONALD SKLON, the defendant, did testify that with a green light he commenced his right hand turn while noticing the plaintiff maintaining her position on the curb. Upon the applicable statues and case law, a jury is certainly within its province to award a defendant's verdict where the plaintiff initiated contact with the defendant's vehicle.

18. Based upon the foregoing, the defendant herein respectfully requests this Court deny the plaintiff's motion for summary judgment based upon the fact that there is a triable question of fact to be taken up by a jury, as well as a realistic argument to be made that the defendant is not at fault.

WHEREFORE, it is respectfully requested that this Court make and enter an Order denying the plaintiff's motion for summary judgment on the issue of liability, while at the same time granting a change in the caption to eliminate PV Holding Corp., and together with such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
January 2, 2008

Yours, etc.,

MONTFORT, HEALY, McGUIRE & SALLEY

BY: _____
HUGH LARKIN (HJL 6752)
Attorneys for Defendant
RONALD SKLON
1140 Franklin Avenue
P.O. Box 7677
Garden City, New York 11530-7677
(516) 747-4082