```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
YOLANDA BEJASA-OMEGA,

                    Plaintiff,         07 Civ. 2950 (LLS)
     v.                                 OPINION AND ORDER

RONALD M. SKLON,
                    Defendants.
------------------------------------------x
```

Plaintiff Yolanda Bejasa-Omega brings this personal injury action after being struck by a car driven by defendant Ronald M. Sklon.

Under the parties' stipulation, so-ordered on November 6, 2007, PV Holding Corp. is no longer a defendant in this action. Omega's unopposed motion to remove PV Holding from the caption of this action is granted.

Omega moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the issue of liability. Defendant opposes, arguing that even if he was negligent, plaintiff was also negligent.

The following facts are undisputed. On October 27, 2006, Sklon was driving and struck Omega as she was walking in the crosswalk from the southwest to the southeast corner of 44th Street and Second Avenue. When he hit Omega, Sklon was turning right from eastbound 44th Street to southbound Second Avenue. When Omega entered the crosswalk, the pedestrian crossing light was in her favor.

### Omega's Testimony

Omega testified that she stopped at the southeast corner of the intersection at 44th Street and Second Avenue for "probably a second" before entering the crosswalk. December 19, 2007 Affirmation of Matthew Sakkas, Ex. E, p. 8. The light indicated "Walk" so she proceeded to cross Second Avenue in the crosswalk. She did not look to her left or right before entering the crosswalk. She had crossed the first lane of traffic and was perhaps halfway into the second lane when she was hit. She testified that she did not see Sklon's vehicle before it hit her. She did not see any cars turning right onto Second Avenue from 44th Street. When the car struck her, it was facing southbound on Second Avenue, and it hit her on her left side.

### Sklon's Testimony

Sklon testified that he stopped for a red light on 44th Street at Second Avenue. There were no vehicles in front of him. When the light turned green, he turned from 44th Street to go southbound on Second Avenue. He hit Omega "Just as I was turning to Second Avenue." December 19, 2007 Affirmation of Matthew Sakkas, Ex. F, p. 13. Approximately 20-30 seconds elapsed between the light turning green and Sklon's impact with Omega. When he hit

-2-

her, she was in the crosswalk, about two steps off the curb. Sklon first saw Omega when he was waiting at the red light. She was standing on the sidewalk, and he watched her from the moment he first saw her until the point of impact. He hit her with his front bumper when he was two-thirds of the way through his turn. He testified that "I started turning. She was still on the curb, just as I was about to finish the turn. She stepped out in front of me and I stopped. I guess, we came in contact." Id. at pp. 16-17. He also stated that "She was just looking around and that's what made me go a little bit slow around the curb because she was just standing there . . . Just had a strange look. Like she wasn't sure where she was. At least that's the way I saw it." Id. at pp. 31-32.

## DISCUSSION

A motion for summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail on a motion for summary judgment, the moving party must "demonstrate the absence of a genuine issue of material

fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The burden is then on the non-moving party to set forth specific facts raising a genuine issue of fact for trial. <u>Id</u>. at 324. "All reasonable inferences and any ambiguities are drawn in favor of the nonmoving party." <u>Thompson v. Gjivoje</u>, 896 F.2d 716, 720 (2d Cir. 1990).

The New York City Traffic Regulations, 34 RCNY § 4-03(c) state:

> Pedestrian control signals. Whenever pedestrian control signals are in operation, exhibiting the words "WALK" and "DON'T WALK" successively, the international green or red hand symbols, figures or any other internationally recognized representation concerning the movement of pedestrians, such signals shall indicate as follows:
> (1) WALK, green hand symbol or green walking figure. Pedestrians facing such signal may proceed across the roadway in the direction of the signal in any crosswalk. Vehicular traffic shall yield the right of way to such pedestrians.

34 RCNY § 4-04(b), governing the right of way in crosswalks, provides:

> (1) Operators to yield to pedestrians in crosswalk. When traffic control signals or pedestrian control signals are not in place or not in operation, the operator of a vehicle shall yield the right of way to a pedestrian crossing a roadway within a crosswalk when the pedestrian is in the path of the vehicle or is approaching closely thereto as to be in danger.
> (2) Pedestrians shall not cross in front of oncoming vehicles. Notwithstanding the provisions of (1) of this subdivision (b), no pedestrian shall suddenly leave a curb or other place of

safety and walk or run into the path of a vehicle which is so close that it is impossible for the operator to yield.

Omega argues that Sklon's testimony does not demonstrate that she "suddenly" left a curb nor does it demonstrate that it was "impossible" for him to yield. Sklon argues that Omega did not look before crossing into the path of his car, which raises an issue of her comparative negligence.

In Thoma v. Ronai, 189 A.D.2d 635, 635-37, 592 N.Y.S.2d 333, 333-34 (1st Dept. 1993), aff'd, 621 N.E.2d 690, 602 N.Y.S.2d 323, (1993), the Appellate Division, in a split decision, affirmed a Supreme Court decision denying plaintiff's motion for summary judgment:

> Although defendant did not dispute plaintiff's averment that she was lawfully in the crosswalk when he struck her with his van as he turned left, summary judgment was properly denied since a failure to yield the right of way does not ipso facto settle the question of whether the other party was herself guilty of negligence...
>
> . . .
>
> Her comparative negligence may be found by a jury to be minimal, or even zero, but the record does not support our finding a total absence of comparative negligence as a matter of law.
>> "'A wayfarer is not at liberty to close his eyes in crossing a city street. His duty is to use his eyes, and thus protect himself from danger. The law does not say how often he must look, or precisely how far, or when or from where. If, for example, he looks as he

-5-

> starts to cross, and the way seems clear, he is not bound as a matter of law to look again . . . If he has used his eyes, and has miscalculated the danger, he may still be free from fault. But it is a very different thing to say that is not bound to look at all. We have repeatedly held that one who crosses a city street without any exercise of his faculty of sight, is negligent as a matter of law. To escape the consequences of such negligence, he must prove that even if he had looked, the accident would still have happened.'"
>
> . . .
>
> As demonstrated <u>supra</u>, the law is clear that plaintiff had a duty to use her eyes to protect herself from danger, and that her failure to look would constitute negligence. In the particular circumstances presented herein, plaintiff's concession that she did not see the van that struck her is sufficient to raise a factual question as to whether she exercised reasonable care to protect herself from danger while crossing the intersection.

(internal citations omitted).

Omega concedes that if this Court follows the <u>Thoma</u> decision, its motion should be denied, but it argues that the holding stands alone. However, the New York Court of Appeals affirmed <u>Thoma</u>, 602 N.Y.S.2d at 324, stating:

> The submissions to the nisi prius court on plaintiff's motion for summary judgment, consisting of her affidavit and the police accident report, demonstrate that she may have been negligent in failing to look to her left while crossing the intersection. Plaintiff's concession that she did not observe the vehicle that struck her raises a factual question of her

-6-

reasonable care. Accordingly, plaintiff did not satisfy her burden of demonstrating the absence of any material issue of fact and the lower courts correctly denied summary judgment.

The Thoma holding remains the law in this state. New York courts have followed the Thoma decision, denying summary judgment where, although they have the traffic light in their favor, plaintiffs fail to look before crossing the street.

The evidence submitted on this motion for summary judgment does not establish as a matter of law that Omega was free from comparative negligence. Omega admits that she did not look before she crossed the street, and she did not see the car that struck her, which raises a genuine issue of material fact whether she exercised reasonable care.

CONCLUSION

Plaintiff's motion for summary judgment is denied. The Clerk will remove the name of PV Holding Corp. as a defendant from the caption.

So ordered.

DATED:    New York, New York
          February 15, 2008

_____
LOUIS L. STANTON
U.S.D.J.